IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

**vs.**              Case No.  5:03cv294/SPM/MD

**JIMMY MADDOX; KAREN
BURDESHAW f/k/a KAREN ZULLO
f/k/a KAREN MEARS MADDOX;
SOUTH TRUST BANK, N.A. f/k/a
SOUTHTRUST BANK OF N.W.
FLORIDA; LAW OFFICE OF GLENDA
F.  SWEARINGEN, P.A.,
RENEE MORGAN and
STATE of FLORIDA,
DEPARTMENT OF REVENUE**

   **Defendants.**

_____

## JUDGMENT OF FORECLOSURE

   THIS CAUSE came on to be heard on the United States' motion for entry of a Judgment

of Foreclosure based on default and summary judgment.

   IT appears to the Court that:

   (a)  All defendants who are parties to this action have been duly served with legal process

and the Court has jurisdiction over the parties and the subject matter.

   (b) a Default has properly been entered by the Clerk of the Court against defendants

**KAREN BURDESHAW f/k/a KAREN ZULLO f/k/a KAREN MEARS MADDOX;**

**SOUTH TRUST BANK, N.A. f/k/a SOUTHTRUST BANK OF N.W.  FLORIDA; LAW**

**OFFICE OF GLENDA F.  SWEARINGEN, P.A., RENEE MORGAN** and the **STATE of**

**FLORIDA, DEPARTMENT OF REVENUE** for failure to plead or otherwise defend as

provided by the Federal Rules of Civil Procedure.

(c)  Defendant **JIMMY E. MADDOX**, has answered the Complaint.  The pleadings and

the affidavits on file (there being no depositions, answers to interrogatories or admissions) show

there is no genuine issue as to a material fact and that the United States is entitled to a Judgment

of Foreclosure as a matter of law as to this defendant.

(d) The United States has submitted to the Court its proof in the form of the original

promissory note, two mortgages, Reamortization Agreement, and subsidy repayment agreement,

together with a Certificate of Indebtedness due from defendants **JIMMY E.  MADDOX** and

**KAREN BURDESHAW F/K/A KAREN ZULLO  F/K/A KAREN MEARS MADDOX**; the

proof having been submitted and examined, and the pleadings, together with the record as a

whole, having been considered, the Court finds a breach of the mortgage contract and the

following amounts to be due to the plaintiff thereon from defendants **JIMMY E.  MADDOX**

and **KAREN BURDESHAW F/K/A KAREN ZULLO  F/K/A KAREN MEARS MADDOX**:

| | |
|---|---|
| Unpaid Principal as of August 24, 2004 | $31,709.97 |
| Unpaid Interest to August 24, 2004 | 9,631.56 |
| Subsidy Recapture Amount | 2,015.71 |
| Fees Required W/Payoff | 181.15 |
| Fees Currently Assessed | 2,750.55 |
| TOTAL AMOUNT DUE as of August 24, 2004 | $46,288.94 |

Plus interest at the daily accrual rate of $8.9653 from August 24, 2004, to the date of this order.

Interest accrues thereafter at the annual rate of   3.33   %, as provided for in Title 28, United States Code, Section 1961.

IT IS THEREFORE, ORDERED AND ADJUDGED:

(1)     The defaults entered by the Clerk of this Court against defendants **KAREN BURDESHAW f/k/a KAREN ZULLO f/k/a KAREN MEARS MADDOX; SOUTH TRUST BANK, N.A. f/k/a SOUTHTRUST BANK OF N.W.  FLORIDA; LAW OFFICE OF GLENDA F.  SWEARINGEN, P.A., RENEE MORGAN** and the **STATE of FLORIDA, DEPARTMENT OF REVENUE**  be and the same are hereby ratified and confirmed and Judgment of Foreclosure by default is hereby entered in favor of the plaintiff United States of America against such defendants.

(2)     Summary Judgment of Foreclosure is hereby entered in favor of the United States against defendant **JIMMY E.  MADDOX.**

(3)     Defendants **JIMMY E.  MADDOX** and **KAREN BURDESHAW F/K/A KAREN ZULLO  F/K/A KAREN MEARS MADDOX** are ordered and directed to pay to the United States within ten (10) days after the date hereof the sums of money found to be due the United States on the note, mortgage, reamortization agreement, and subsidy repayment agreement as set forth above.

(4)     If such defendants shall fail to pay said sums within the ten (10) day period, then, under the applicable laws and rules of this Court, the United States Marshal is appointed sales officer and ordered and directed to sell the following described mortgaged property, situated, lying and being in Bay County, Florida, to wit:

3

Commence at an iron rod marking the Southwest corner of Section 5, Township 4 North, Range 8 west, Jackson County, Florida; thence North along the West line of said Section 5 for 183.0 feet to a set iron pipe for the POINT OF BEGINNING: Thence continue along said West line, North for 210.00 feet to a set iron pipe; thence S86°19'30" E for 250.00 feet to a set iron pipe; thence South 210.00 feet to a set iron pipe in a fence line; thence N86°19'30" W along said fence line and the extension thereof for 250.00 feet to the Point of Beginning.  This tract is situated in the SW 1/4 of the SW 1/4 of Section 5, Township 4 North, Range 8 West.  Less and Except that part lying in the road.

Being the same property as described in those certain real estate mortgages dated June 14, 1989, as recorded in Book 416 at page 320 and August 2, 2004, as recorded in Book 421, at page 135 in the public records of Jackson County, Florida .

(5)     The United States Marshal shall advertise the sale of the subject real property in accordance with Title 28, United States Code, Sections 2001 and 2002, after giving proper notice, and conduct a sale of the property at the front door of the Jackson County Courthouse at Marianna, Florida.

(6)     Upon the sale being made of the property and confirmed by this Court, the defendants and all persons claiming under or against them since the filing of the Notice of the Lis Pendens are foreclosed of all estate or claim in the property and the purchaser at the sale shall be let into possession of the property.

(7)     The United States is authorized to bid at the sale and any bid made by the United States shall be credited against the indebtedness due the United States.  If the United States is the successful bidder for an amount less than the amount due hereunder, then the United States may pay costs of Court and expenses due hereunder and it is not necessary for plaintiff to pay over any money other than the costs of this suit.

(8)     Upon sale being made, and if there are no objections to the sale within ten (10) days, then the Marshal is directed to make a report and accounting of the proceeds realized from

4

the sale, if any, and the bidder, or bidders, at such sale and report the amount of the sale for confirmation.  Upon the sale being made the Marshal shall retain the proceeds thereof until confirmation and order of disbursement is made herein.

(9)    The Court reserves the jurisdiction to make such further orders as may be appropriate, including, but not limited to, a deficiency judgment should the sale proceeds be insufficient to pay plaintiff the sums owed by the borrowers; the issuance of a writ of assistance should repossession of the subject real property be contested; an order for the taxation of all costs; and an appropriate order of disbursement should there be a surplus upon the sale of the subject real property.

DONE and ORDERED this 6th day of May, 2005.


_s/ Stephan P. Mickle_
STEPHAN P.  MICKLE
UNITED STATES DISTRICT JUDGE